UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| RAYMOND ELIJAH CHINN | ) | CASE: A25-51310-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the periods ending December 31, 2019, December 31, 2022, December 31, 2023 and December 31, 2024. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

The Debtor has failed to provide to the Trustee a copy of the 2020 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors and was unable to provide sworn testimony as to the return as required by the United States Trustee. Therefore, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

6.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com.

7.

The Trustee requests proof of income from the Debtor's new job in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

8.

The Debtor's Schedule J reflects net income of $1,655.00 per month; however, Debtor's plan proposes to pay only $1,200.00 per month thus indicating a lack of good faith pursuant to 11 U.S.C. Sections 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor's income and payroll deductions are estimated, not actual amounts. Pursuant to the Debtor, his income is overstated.

10.

Schedule G fails to reflect the Debtor's executory contract for a residential lease. 11 U.S.C. Section 521.

11.

The Chapter 13 plan fails to provide for the assumption or rejection of the executory contract for a residential lease in violation of 11 U.S.C. Section 365(b)(1)(C).

12.

Pursuant to testimony at the Section 341 Meeting of Creditors, the Debtor will cease direct arrearage payments on his residential lease in May 2025. The plan payment step date in Section 2.1 of the plan may not be set for the correct date. 11 U.S.C. Section 1325(b)(1)(B).

13.

The plan fails to treat OneMain Financial in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

14.

The Chapter 13 plan proposes to pay $5,300.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

15.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

16.

The plan proposes for the Trustee to disburse attorney's fees; however, the amount of the fees to be paid at the time of pre-confirmation dismissal or conversion exceeds the $2,500.00 amount allowed by General Order No. 42-2020.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 25th day of March, 2025.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No:  A25-51310-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

RAYMOND ELIJAH CHINN
6344 COOPER STREET
APT.A
DOUGLASVILLE, GA  30134

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

CLARK & WASHINGTON, P.C.

This the 25th day of March, 2025.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201